IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER PERECCA, § 
　 § No. 106, 2023
　Defendant Below, § 
　Appellant, § Court Below–Superior Court
　 § of the State of Delaware
　v. § 
　 § Cr. ID No. 2110003554 (S)
STATE OF DELAWARE, § 
　 § 
　Appellee. § 
　 § 

Submitted: July 18, 2023
Decided: October 4, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) The appellant, Christopher Perecca, appealed to the Superior Court following a jury trial in the Court of Common Pleas and his resulting convictions for harassment and disorderly conduct. In his appeal in the Superior Court,[1] Perecca raised claims of ineffective assistance of counsel and prosecutorial misconduct.

---

[1] Perecca's counsel on appeal to the Superior Court filed a motion to withdraw and a no-merit brief. Perecca was given the opportunity to supplement counsel's brief with any issues that he wanted the Superior Court to consider.

Perecca also argued that there was insufficient evidence to support his convictions and that he had a clear legal right to take photographs in public. The Superior Court affirmed Perecca's convictions and sentence. This appeal followed.

(2) Perecca's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Perecca of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Perecca of his right to supplement his attorney's presentation, and Perecca has submitted argument for the Court's consideration. The State has responded to the Rule 26(c) brief, including Perecca's argument, and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on appeal.[2] Second, the Court must conduct its own review of the record and determine

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(4)     In his supplement to Counsel's opening brief, Perecca argues, in essence, that there was insufficient evidence to sustain his convictions for harassment and disorderly conduct.

(5)     When reviewing a claim of insufficient evidence, the Court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]  When making that determination, the Court does not distinguish between direct and circumstantial evidence.[5]  Importantly, when the determination of facts turns on a question of witness credibility, we will not substitute our opinion for that of the trier of fact.[6]

(6)     Our review of the record does not support Perecca's claim.  Brenda Tarvin testified that on October 8, 2021, Perecca, her ex-boyfriend of five years, approached Tarvin and her new boyfriend, Patrick Williams, in an aggressive manner as she, Williams, and their family and friends were packing up to leave Tower Road Beach in Sussex County.  Perecca was talking loudly and incessantly

---

[3] *Penson*, 488 U.S. at 81-82.
[4] *Williams v. State*, 2005 WL 2414375, at *2 (Del. Sept. 29, 2005).
[5] *Id.*
[6] *Dryden v. State*, 2008 WL 555956, at *1 (Del. Mar. 3, 2008).

and was taking photographs or a video of Tarvin and Williams with his cell phone.[7] Tarvin and Williams both testified that Perecca called Williams an offensive name and said that he was taking the photographs to send to an assassin in Kenya.[8] As Tarvin headed to the parking lot, Perecca followed her, drawing the attention of onlookers, one of whom called the police. Although Perecca left before the police arrived, he called Tarvin several times thereafter from an unlisted number in a continued attempt to speak to her. Tarvin also told the jury that: she had repeatedly told Perecca that she did not want to have any contact with him after their breakup, which occurred several weeks before this incident; she had changed the locks on her house after Perecca had moved his belongings out of her home; she had blocked Perecca's phone number after their breakup; and following this incident, she feared that her life was in danger. Perecca testified in his defense. Although he acknowledged that he had approached the group and took photographs, he testified that he took the photographs to document that the interaction did not get physical and denied threatening to send the photographs to an assassin in Kenya.

(7) The jury was solely responsible for judging the credibility of the witnesses and resolving conflicts in the testimony.[9] It was therefore entirely within the jury's purview to credit Tarvin's and Williams's testimony and discredit

---

[7] App. to Opening Br. at 28–29; 64–67.
[8] *Id.* at 30–31.
[9] *Dryden*, 2008 WL 555956, at *1.

4

Perecca's. In short, there was sufficient evidence presented at trial to support Perecca's convictions for harassment[10] and disorderly conduct.[11]

(8) The Court has reviewed the record carefully and has concluded that Perecca's appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Perecca could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[10] *See* 11 *Del. C.* § 1311(a) ("A person is guilty of harassment when, with intent to harass, annoy, or alarm another person: (1) That person insults, taunts or challenges another person or engages in any other course of alarming or distressing conduct which serves no legitimate purpose and is in a manner which the person knows is likely to provoke a violent or disorderly response or cause a reasonable person to suffer fear, alarm, or distress….").

[11] *See* 11 *Del. C.* § 1301 ("A person is guilty of disorderly conduct when: (1) The person intentionally causes public inconvenience, annoyance or alarm to any other person, or creates a risk thereof by: … (b) Making … an offensively coarse utterance … or addressing abusive language to any person present….").